MAYS *v.* ROBERTSON.

Opinion delivered November 29, 1926.

1. SHERIFFS AND CONSTABLES—INDICTMENT FOR NONFEASANCE.—An indictment alleging that a sheriff, knowing that certain persons were exhibiting gambling devices in the county, failed to arrest them, *held* to state an offense under Crawford & Moses' Dig., § 2633.

2. STATUTES—CONSTRUCTION.—In construing statutes every word used therein should be given its ordinary meaning, if possible.

3. SHERIFFS AND CONSTABLES—SUSPENSION FOR NONFEASANCE.— Under Crawford & Moses' Dig., § 10335, providing for suspension of county officers for criminal conduct amounting to nonfeasance in office, a sheriff may be suspended from office during the pendency of an indictment for knowingly failing to arrest exhibitors of gambling devices in his county, as enjoined by § 2633, *Id.*

Prohibition to Phillips Circuit Court; *E. D. Robertson,* Judge; writ denied.

*W. G. Riddick,* for appellant.

*Brewer & Cracraft,* for appellee.

HUMPHREYS, J. The petitioner herein is the duly elected, qualified and acting sheriff of Phillips County, Arkansas, whose term of office will expire on December 31, 1926. On the 5th day of November, 1926, the grand jury of said county returned an indictment against him, which, omitting caption and matters of form, is as follows:

"The said J. D. Mays, in the county and State aforesaid, on the 1st day of February, A. D. 1926, then and there being the duly elected, qualified and acting sheriff of Phillips County, Arkansas, and then and there knowing and having knowledge that A. L. Keller, W. B. Chaney, Clay Pryor, Eugenia Miller, and divers other persons, were then and there guilty of the crime of setting up, keeping and exhibiting certain gambling devices, commonly called slot machines, which said machines were adapted, devised and designed for the purpose of playing a game of chance at which money and property might be won or lost, in said county and State, did unlawfully, knowingly and willfully fail, neglect and refuse to

give notice that said persons were so setting up, keeping and exhibiting the gambling devices aforesaid in the manner and form aforesaid and for the purposes aforesaid, to some judge or justice of the peace of Phillips County, Arkansas, in accordance with the statutes and laws in such cases made and provided, and did unlawfully, knowingly, and willfully fail, neglect and refuse to arrest said persons aforesaid, who were so setting up, keeping and exhibiting the gambling devices aforesaid, in the manner and form aforesaid, and to carry them before some magistrate or court having jurisdiction to examine into the matter, as provided by law.''

The respondent herein is the duly elected, qualified and acting judge of the First Judicial Circuit of the State, and was presiding over the circuit court in Phillips County at the time the indictment was returned against said petitioner.

On the 10th day of November, 1926, the petitioner herein applied to this court, by petition, for a writ of prohibition to prevent the respondent herein from suspending him from office during the pendency of the indictment, or before the final trial thereon, upon the following alleged grounds:

First, that the indictment failed to charge any offense.

Second, that there is no statute authorizing a suspension of petitioner from office before a trial, under the circumstances of this case.

Respondent filed his answer, joining issue upon the alleged insufficiency of the indictment to charge a crime, and the alleged want of authority to suspend respondent from office during the pendency of the indictment and before the final trial upon the charge contained therein.

A determination of the issues joined involves:

First, a construction of § 2633 of Crawford & Moses' Digest, under which petitioner claims the indictment was drawn; and

Second, whether § 10335 applies to the crime charged in the indictment.

1. The respondent claims that the indictment was drawn under § 2642 of Crawford & Moses' Digest, making it the duty of a sheriff to notify a judge or justice of the peace of the county, if it should come to his knowledge that any person is guilty of setting up gambling devices, etc., and a failure to do so is covered by § 10335 of Crawford & Moses' Digest, which provides for a suspension of a sheriff for such failure during the pendency of an indictment and before final trial. In arriving at this conclusion, the respondent contends that the last six lines of the indictment may and should be treated as surplusage. It is further claimed by the respondent that the language of the indictment is sufficient to charge a crime against petitioner under § 2633 of Crawford & Moses' Digest.

The petitioner claims that § 2642 of Crawford & Moses' Digest was repealed by § 2633 of said Digest, and that the facts stated in the indictment are insufficient to charge a crime against him under the latter section.

It is unnecessary to decide whether the former section is repealed by the latter, as we agree with respondent that the facts alleged in the indictment constitute a crime under the latter section. The facts stated in the indictment are that the petitioner, being sheriff of said county, and knowing that certain persons (naming them) were guilty of the crime of exhibiting certain gambling devices (specifying them and the use for which designed), in said county and State, did unlawfully, knowingly and willfully fail, neglect and refuse to arrest said persons and take them before some magistrate or court having jurisdiction to examine into the matter, as provided by law, against the peace and dignity of the State of Arkansas.

It is contended by petitioner that it is not a crime, under § 2633 of Crawford & Moses' Digest, for a sheriff to fail to arrest a person who exhibits a gambling device, but that the only crime provided against a sheriff therein is a failure to arrest a person engaged in running a gambling house. The section reads as follows:

"If any sheriff, or deputy sheriff, knows or is informed that a gambling house is being operated, or that any person or persons are engaged in the exhibiting of a gambling device or devices, within his county, it shall be his duty to forthwith proceed to the place where such gambling house is located and arrest the person or persons engaged in running or operating said gambling. house, and to carry such persons before some magistrate or court having jurisdiction to examine into the matter, and, upon such sheriff, or deputy sheriff, failing to comply with the provisions of this section, he shall be deemed. guilty of a misdemeanor and shall be fined in any sum not less than one hundred dollars, and shall be discharged from office."

If it had not been the intent of the Legislature to require a sheriff to arrest and take one before a magistrate or other court who was engaged in exhibiting a gambling device or devices anywhere in the county, then the following language, "or that any person or persons are engaged in the exhibiting of a gambling device or devices," used in the section, is meaningless. In construing statutes every word used therein should be given its ordinary meaning, if possible. This clause, containing a number of words, should not be stricken out of the section by construction, but should be left as a coherent part thereof, if possible. This can be done by attaching the meaning of "place" to the word "house" in the section. By attaching this meaning to the word "house" the section may be read as a harmonious whole, imposing the duty alike upon the sheriff to arrest and take one running a gambling house and one exhibiting a gambling device, anywhere in the county, before a magistrate or court for investigation. The obvious intent and purpose of the statute was to provide a remedy for immediately and effectually stopping the operation of gambling houses and the exhibition of gambling devices anywhere in the county. It is suggested that another section of Crawford & Moses' Digest covers the exhibition of gambling devices, and for that reason the Legislature

did not intend to impose the duty upon a sheriff to arrest parties exhibiting same; but this cannot be, for another section of the statute likewise covers the running of gambling houses.

2. The reason advanced by petitioner to support his position that the respondent is without authority to suspend him from office before a trial upon the presentment or indictment is that § 2633 of Crawford & Moses' Digest, creating new and distinct crimes, is exclusive, having no relation whatever to the crimes enumerated in § 10335 of Crawford & Moses' Digest, in which provision is made for the suspension of county officers during the pendency of indictments against them. Section 10335 of Crawford & Moses' Digest is as follows:

"Whenever any presentment or indictment shall be filed in any circuit court of this State against any county or township officer, for incompetency, corruption, gross immorality, criminal conduct amounting to a felony, malfeasance, misfeasance or nonfeasance in office, such circuit court shall immediately order that such officer be suspended from his office until such presentment or indictment shall be tried. Provided, such suspension shall not extend beyond the next term after the same shall be filed in such circuit court, unless the cause is continued on the application of the defendant."

This statute is founded upon a sound public policy, and has no relation whatever to punishment for the crimes mentioned therein. In the enactment of the section the Legislature concluded that it would be unwise to allow county officers who had been indicted for delinquencies to continue in the performance of their duties before purging themselves of the charges preferred against them. The petitioner, however, contends that the delinquencies, or other acts of omission and commission enumerated in § 10335 of Crawford & Moses' Digest, do not embrace the crimes created in § 2633 of Crawford & Moses' Digest. The former section mentions nonfeasance in office. According to "Words and Phrases," nonfeasance by an officer is an omission to

do or perform something which he ought to do and perform. The gravamen of the offense charged in the indictment under § 2633 of Crawford & Moses' Digest was an omission or failure on the part of petitioner to arrest certain persons exhibiting gambling devices in said county, which he was required to do by law.

The application for a writ of prohibition herein is therefore denied.